IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WILMINGTON TRUST, NATIONAL ASSOCIATION, Not in its Individual Capacity but as Trustee of ARLP Securitization Trust 2014-2,

    Plaintiff,

-vs-

ROY B. BLIZZARD JR. and GLORIA BLIZZARD,

    Defendants.

Case No. A-15-CA-236-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Gloria Blizzard's Motion to Dismiss [#5] and Plaintiff Wilmington Trust's Response [#7] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order DENYING the motion.

### Background

Plaintiff Wilmington Trust (Wilmington) seeks a declaratory judgment permitting it to foreclose on the real property located at 1106 Thistle Trail, Cedar Park, Texas 78613 pursuant to a Note and Home Equity Security Instrument executed by Defendant Gloria Blizzard (Blizzard).[1] Wilmington is currently the holder of the Note and beneficiary of the Security Instrument.

At some point after originally executing the Note and Security Instrument, Blizzard defaulted on her home equity loan. Wilmington's predecessor in interest accelerated the debt and sued

---

[1] Wilmington seeks the same relief against Defendant Roy B. Blizzard Jr., who failed to respond to Wilmington's complaint. The Clerk entered default against him on May 12, 2015. See Clerk's Entry of Default [#9].

Blizzard for judicial foreclosure in the 26th District Court of Williamson County, Texas, which issued an order of foreclosure in Wilmington's favor. *See* Mot. Dismiss [#5] Ex. B (Order for Foreclosure). Thereafter, however, Blizzard tendered payment to Wilmington, and Wilmington accepted the payment and applied it to Blizzard's mortgage debt. At some point thereafter, Blizzard defaulted once again. Wilmington subsequently filed its complaint in this Court seeking a new order for judicial foreclosure.

## Analysis

I.  **Legal Standard—Federal Rule of Civil Procedure 12(b)(6)[2]**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

---

[2] *See infra* note 3.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.  Application

Blizzard argues this case must be dismissed because Wilmington's judicial foreclosure claim is barred by the doctrine of res judicata,[3] given that the state court previously issued an order of foreclosure in Wilmington's favor. According to Wilmington, however, accepting Blizzard's subsequent payment mooted the previous order of foreclosure and rescinded the prior acceleration of the debt. Thus, Wilmington argues, the cause of action at issue in this suit is not the same as the

---

[3] Blizzard purports to move for dismissal pursuant to Rule 12(b)(1). Additionally, Blizzard characterizes her res judicata argument as giving rise to "mootness." *See* Mot. Dismiss [#5] at 2. Mootness and res judicata are distinct concepts, and mootness, which is concerned with the continued justiciability of the suit throughout the course of litigation, has no application here. Were mootness at issue, Rule 12(b)(1) would be an appropriate vehicle for this motion. As Blizzard's argument sounds in res judicata, however, Rule 12(b)(6), not Rule 12(b)(1), is the rule under which Blizzard should have moved to dismiss. *See Rocky Mountain Choppers, LLC v. Textron Fin. Grp.*, at *4 (N.D. Tex. Dec. 3, 2012) (noting under certain circumstances, res judicata may be raised by a Rule 12(b)(6) motion to dismiss rather than pleaded as an affirmative defense, as is typical). As doing so has no effect on the outcome, the Court construes Blizzard's motion as a Rule 12(b)(6) motion to dismiss.

one which was at issue in the state court action, as the presently live cause of action for foreclosure did not accrue until after Blizzard defaulted and Wilmington accelerated once again.

The Court agrees with Wilmington. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Here, while the first three elements of the test are satisfied, the fourth is not. The same claim or cause of action was not involved in the prior state court suit. As Wilmington points out, under Texas law, where a note or security instrument secured by real property contains an optional acceleration clause, the cause of action for foreclosure accrues only when the holder of the Note actually exercises its option to accelerate the debt. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citing *Hammann v. H.J. McMullen & Co.*, 62 S.W.2d 59, 61 (Tex. 1933)). Even when a noteholder has accelerated a debt upon default, the holder can abandon acceleration by continuing to accept payments "without exacting any remedies available to it upon declared maturity." *Id.* at 566–67. In that situation, the previous default is obviated, and the parties' agreement is restored "'to its original condition as if it had not been broken.'" *Id.* at 567 (quoting *San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901)). Thus, when Wilmington accepted Blizzard's payment on the debt following the state court proceeding, the Note's original maturity date was restored, and the validity of the state court order of foreclosure was extinguished. The cause of action Wilmington now sues upon did not exist until Blizzard again

found herself in default and Wilmington again chose to accelerate the debt. Consequently, res judicata does not apply.

Even if Blizzard was correct that the causes of action involved in both this and the state court action were the same, dismissal would still be inappropriate. Wilmington obtained the state court order of foreclosure pursuant to Texas Rule of Civil Procedure 736. *See* Order for Foreclosure at 1. An order of foreclosure obtained pursuant to Rule 736 "is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding." TEX. R. CIV. P. 736.9; *see also Reyna v. Deutsche Bank Nat'l Trust Co.*, 892 F. Supp. 2d 829, 833 (W.D. Tex. 2012) (finding the *Rooker-Feldman* doctrine does not apply to Rule 736 home equity foreclosure orders because *Rooker-Feldman* "should not extend to state decisions that would not be given preclusive effect under doctrines of res judicata and collateral estoppel" (internal quotes omitted)). Accordingly, the state court order of foreclosure has no res judicata effect. Blizzard's motion is without merit.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Gloria Blizzard's Motion to Dismiss [#5] is DENIED.

SIGNED this the 28th day of May 2015.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE